DULLEA, Respondent, vs. CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

*September 28 — October 17, 1893.*

*Railroads: Injury to person at highway crossing: Contributory negligence.*

| 86 | 173 |
| 86 | 198 |

While driving along a highway towards defendant's track plaintiff crossed a bridge which had proper side protections. When 53 feet from the end of the bridge and 175 feet from the track he saw a train 55 rods distant approaching at high speed. He walked his horse to the end of the bridge, in compliance with a notice thereon, and then drove as fast as he could to the track, on which his buggy was struck by the train and he was injured. He might, before reaching the track, have turned into a side road which ran nearly parallel with the track. His horse was unused to the cars and easily frightened. *Held*, that he was guilty of negligence in deliberately attempting to cross the track in front of the train. The rule that accuracy of judgment is not required in the choice of the very best means of escaping imminent peril, has no application.

APPEAL from the Circuit Court for *Washington* County.

Action to recover damages for personal injuries. The railroad of the defendant company passes through Barton, an unincorporated village. The track is crossed nearly at right angles by a public highway running through the village. This highway crosses the Milwaukee river on an iron bridge 117 feet long, with proper side protections. The end of the bridge nearest the railroad track is 123 feet distant therefrom. Plaintiff was traveling on this highway towards the railroad, and passed over the bridge. When 53 feet from that end of the bridge, and 175 feet from the track, he saw a train approaching the crossing in front of him, 55 rods distant therefrom. The train was running at a high rate of speed, charged in the complaint to be thirty miles an hour. Notice was posted on the bridge warning travelers, under a penalty, not to drive faster than a walk over it. When he saw the approaching train, plaintiff was driving on a walk, and continued to do so until he passed the bridge. He then drove his horse to the crossing as fast as he could, and when crossing the track the engine struck the hind wheel of his buggy and caused the injury complained of. On these facts the court denied motions for a nonsuit and that the jury be directed to find for the defendant, and submitted to the jury the questions made by the pleadings,— whether the negligence of defendant caused the injury complained of, and, if so, whether the plaintiff was chargeable with any negligence which contributed proximately thereto. The jury found for plaintiff, and assessed his damages at $2,000. The court denied a motion for a new trial, and judgment was entered for the plaintiff pursuant to the verdict. Defendant appeals from the judgment.

For the appellant there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas,* and oral argument by *F. C. Winkler.* To the point that plaintiff was guilty of negli-

-gence in attempting to cross the track as he did, they cited *Myers v. B. & O. R. Co.* 150 Pa. St. 386; *Schmolze v. C., M. & St. P. R. Co.* 83 Wis. 659; *Hansen v. C., M. & St. P. R. Co.* id. 631; Patterson, Railway Acc. Law, 171, sec. 176; *Grows v. M. C. R. Co.* 67 Me. 100.

*P. O'Meara,* for the respondent, contended, *inter alia,* that plaintiff's choice of his line of action was made in good faith in the presence of imminent danger. *Schulte v. C. & N. W. R. Co.* 44 Wis. 638; *Gumz v. C., St. P. & M. R. Co.* 52 id. 672; *Valin v. M. & N. R. Co.* 82 id. 1. The circumstances justified his attempt to cross the track. *Detroit & M. R. Co. v. Van Steinbury,* 17 Mich. 99; *Bonnell v. D., L. & W. R. Co.* 39 N. J. Law, 189; *Langhoff v. M. & P. du C. R. Co.* 19 Wis. 489; *Aaron v. Second Ave. R. Co.* 2 Daly, 127; *Baxter v. Second Ave. R. Co.* 30 How. Pr. 219.

LYON, C. J. Plaintiff claims that his horse was unused to the cars and unreliable, and that in the exercise of his best judgment he thought it safer to make the attempt to cross the railroad track in front of the train rather than to risk stopping before he reached the track. His counsel invoked in his behalf the rule that, in presence of imminent peril, accuracy of judgment or the choice of the very best means of escaping the peril is not required. The rule has no application to the facts of this case. Strictly obedient to the posted notice requiring him to walk his horse over the bridge, he deliberately allowed the animal to walk fifty-three feet after he saw the approaching train, and then, after sufficient time had elapsed to allow the train to cover half the distance between the point where it was when he first saw it and the crossing, with equal deliberation he commenced his race with the train, driving his horse as rapidly as he could until the engine struck his wagon. Whatever margin should be allowed plaintiff in the choice of means to keep himself, horse, and buggy out

of the way of the train, he cannot, under the circumstances of the case, be justified or excused in his attempt to cross the track in front of the train, especially after he deliberately threw away valuable time before speeding his horse, and when he is chargeable with knowledge that the train was so close to the crossing as to make the attempt extremely perilous. His duty was plain, and would have been at once comprehended by any person of ordinary nerve and discretion. It was to stop his horse, either on the bridge or after he passed it, until the train passed, or to have turned into a side road which intersected that on which he was traveling, and which ran nearly parallel with the track. If the horse was easily frightened, plaintiff should have kept him as far from the train as possible, rather than to rush him upon the train as he did. At any rate, it was his duty to wait at some point for the approaching train to pass, and his failure to do so was negligence which caused or contributed directly to the collision. If authorities are required to a proposition so well settled as this, they will be found cited in the brief of counsel for the defendant. The court should have nonsuited the plaintiff, or, failing to do so, should have directed a verdict for the defendant.

*By the Court.*— The judgment of the circuit court is reversed, and the cause will be remanded for a new trial.

